IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 AUG 21 A 9: 50
CLERK_____
SO. DIST. OF GA.

HARRY TRUMAN LYDE,

    Petitioner,

v.      CIVIL ACTION NO.: CV213-060

KATHLEEN KENNEDY,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Harry Truman Lyde ("Lyde"), who is currently incarcerated at Coastal State Prison in Garden City, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his convictions obtained in Glynn County Superior Court. Respondent filed an Answer-Response, and Lyde filed a Reply.

## STATEMENT OF THE CASE

Lyde was indicted by the Glynn County grand jury on two counts each of aggravated child molestation and child molestation. (Doc. No. 7-1, pp. 2-3). Following a jury trial, Lyde was convicted on all counts. (Id. at pp. 4-5). Lyde was sentenced to thirty years to serve for each aggravated child molestation count and twenty years to serve for each child molestation count, to run concurrently. (Id. at pp. 6-9). Lyde filed *pro se* federal and state habeas corpus petitions to challenge his convictions while the criminal case was pending. This Court dismissed the federal petition for lack of exhaustion. Lyde v. Chase, No. CV2008-036 (S.D. Ga. March 18, 2009). The state

habeas corpus petition was also dismissed on procedural grounds. (Doc. No. 6-1, p. 2).

Lyde pursued a direct appeal, assisted by new counsel, challenging his Glynn County convictions. (Doc. No. 7-2). That appeal raised, as grounds for relief, two enumerations of error: (1) that "the trial court erred when it failed to find that [Lyde's] trial counsel did not render ineffective assistance by improperly waiving [Lyde's] presence at a critical stage of trial. This constitutional violation is presumed to be harmful error . . ."; and (2) that "the law should respectfully change concerning whether the grand jury alleged a proper tolling provision to the statute of limitations . . ." (Id. at p. 19). The Georgia Court of Appeals found that Lyde's claims lacked merit and affirmed his convictions and sentences. Lyde v. State, 311 Ga. App. 512 (2011), *cert. denied*, No. S12C0059 (Ga. Apr. 24, 2012).

In the instant § 2254 petition, Lyde raises the following grounds for relief: (1) violation of his Fourteenth Amendment right-to-be-present at every critical stage of trial; and (2) ineffective assistance of trial counsel. (Doc. No. 1). Respondent contends that ground 1 is procedurally defaulted because Lyde failed to raise the argument during his direct appeal. Respondent asserts that, as to ground 2, the determination by the Georgia Court of Appeals that Lyde's trial counsel was effective warrants deference. In his Reply, Lyde argues that ground 1 is not procedurally defaulted because he did raise a Fourteenth Amendment claim on direct appeal. Lyde contends that the Georgia Court of Appeals decision does not deserve deference because the state court unreasonably applied the applicable Supreme Court standard to the facts of his case.

Lyde's right-to-be-present claim is based upon his absence from the courtroom during a colloquy between the court and counsel concerning witness testimony. Lyde's defense at trial was based upon his good character. (Doc. No. 5, p. 2; Doc. No. 7-4, p. 3). Following direct examination of one of Lyde's witnesses, the trial judge excused the jury for "an afternoon recess." (Doc. No. 8-5, pp. 161-64). Then, outside the presence of the jury and Lyde, the court engaged in a colloquy with counsel concerning whether Lyde's trial counsel placed Lyde's good character into issue through witness testimony. (Id.). Lyde's trial counsel vigorously insisted that Lyde's character had not been placed into issue through defense counsel's direct examination. (Id.). The court took a ten-minute recess and when the proceedings were back on the record, Lyde's presence in the courtroom was noted. (Id. at p. 164). At that time, with Lyde present, Lyde's trial counsel made a motion to strike any "non-responsive" testimony concerning Lyde's good character that had been elicited by defense counsel on direct examination. (Id. at p. 165). The motion was granted. (Id.). Following the denial of the State's motion for a finding that Lyde's character had been placed into issue, the jury was brought back into the courtroom and instructed to disregard all testimony as to good character that had been presented. (Id. at pp. 165-67). The jury was directed to "consider the testimony to the extent you conclude that it is probative on the issue in this case other than the character of the defendant." (Id. at p. 167).

## DISCUSSION AND CITATION TO AUTHORITY

**I.    Fourteenth Amendment – Due Process Right-to-be-present (Ground 1)**

Respondent contends that although ground 1 is newly raised, it is procedurally defaulted under Georgia's successive petition rule, O.C.G.A. § 9-14-48(d), as Lyde did

not raise this ground in his direct appeal. Respondent further alleges that Lyde cannot establish cause and actual prejudice to excuse his failure to raise this ground previously.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). The United States Supreme Court has held that "a state prisoner must present his claims to a state supreme court in a petition for discretionary review in order to satisfy the exhaustion requirement" when discretionary review "is part of the ordinary appellate review procedure in the State." O'Sullivan v. Boerckel, 526 U.S. 838, 839–40, 847 (1999). Therefore, in order to exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. This exhaustion requirement extends to a state's collateral review process. Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004). Failure to exhaust all claims or to demonstrate that exhaustion is futile prior to bringing a § 2254 petition requires that the petition be dismissed. See Nelson v. Schofeld, 371 F.3d 768,

AO 72A
(Rev. 8/82)

771 (11th Cir. 2004), *superseded by rule on other grounds as recognized in* Hills v. Washington, 441 F.3d 1374 (11th Cir. 2006).

While a state prisoner's failure to exhaust his remedies in state court ordinarily will result in the automatic dismissal of his federal habeas petition, this is not always true. See 28 U.S.C. §§ 2254(b) and (c). A court may deny a petition on the merits without requiring exhaustion "if it is perfectly clear that the applicant does not raise [ ] a colorable federal claim." Granberry v. Greer, 481 U.S. 129, 135 (1987); 28 U.S.C. § 2254(b)(2). Simply put, if a claim has not been "fairly presented in the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006). Because Lyde has not sought state habeas corpus relief, the state courts have not had the opportunity to apply a procedural bar to any federal due process claim. However, this Court looks to Georgia law to determine if:

> it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [meaning] we can forego the needless "judicial ping-pong" and just treat those claims now barred by state law as no basis for federal habeas relief.

Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998).

In order to preserve grounds for review on the merits in subsequent collateral attacks, Georgia law requires that the grounds complained of must be timely raised at trial under the applicable procedural requirements and pursued as error on direct appeal. Black v. Hardin, 255 Ga. 239 (1985). Thus, "a failure to enumerate as error on appeal *any* alleged error or deficiency stands on like footing with a failure to make timely objection in the trial court-that is, the same shall be waived. Being waived, there then exists a procedural bar to its consideration in habeas corpus proceedings . . ." (Id.). In relevant part, O.C.G.A. § 9-14-48(d) states that:

5

> [t]he [state habeas] court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted. In all cases habeas corpus relief shall be granted to avoid a miscarriage of justice.

"Georgia law directs habeas courts to consider whether a petitioner has . . . complied with Georgia procedural rules at trial and on appeal and further provides that absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted." Chatman v. Mancill, 278 Ga. 488, 489 (2004) (citations and quotations omitted).

Lyde did not raise the Fourteenth Amendment due process claim asserted in the instant petition in his direct appeal. Lyde presented two enumerations of error on direct appeal, both based on ineffective assistance of trial counsel. The first count alleged trial counsel was deficient in waiving Lyde's presence during a "critical stage of the proceedings" and count two challenged the sufficiency of the indictment based on a statute of limitations theory. (Doc. No. 7-2). Lyde's first enumeration of error stated that "[t]he trial court was clearly erroneous when it failed to find that [Lyde's] trial counsel did not render ineffective assistance by improperly waiving [Lyde's] presence at a critical stage of trial. This constitutional violation is presumed to be harmful error." (Id. at p. 19). Lyde's contention rested upon Art. I, Sec. I, Par. XII (see id. at p. 23) of the Georgia Constitution of 1983, which sets forth "the right of the criminal defendant to be present . . . at any stage of a criminal proceeding that is critical to its outcome if the
6

AO 72A
(Rev. 8/82)

defendant's presence would contribute to the fairness of the proceeding." Huff v. State, 274 Ga. 110, 111 (2001).[1]

Lyde argues in his Reply that ground 1 should not be considered a newly asserted claim. Instead, Lyde takes the position that his right-to-be-present claim raised on direct appeal encompassed the currently asserted Fourteenth Amendment due process claim. For this proposition, Lyde relies on language from the Georgia Court of Appeals' decision referencing the Fourteenth Amendment.[2] Lyde's reliance on this section of the Court of Appeals opinion, however, is overly optimistic. Contrary to Lyde's assertion, the Georgia Court of Appeals did not "expressly decide[ ] the Fourteenth Amendment issue [Petitioner] now raises." (Doc. No. 9, p. 4). Instead, the Court of Appeals examined, within the context of Lyde's claim based on violation of his constitutional rights under the *Georgia constitution*, whether Lyde was absent during a "critical stage" of the proceedings. Lyde, 311 Ga. App. at 515. The Georgia Court of Appeals looked to Fourteenth Amendment jurisprudence for guidance in concluding that Lyde was not excluded from a "critical stage" of the criminal proceeding. The Georgia court ultimately rested its determination on Georgia precedent concerning a criminal defendant's right-to-be-present under Art. I, Sec. I, Par. XII of the Georgia Constitution of 1983. See Lyde, 311 Ga. App. at 517 (citing Barrett v. State, 275 Ga.

---

[1] In fact, in his Appellant's Brief, Lyde points out that the constitutional right-to-be-present, as embodied in the Georgia constitution, "goes back to Georgia's First Constitution of 1777," and never mentions the Fourteenth Amendment to the United States Constitution. (Doc. No. 7-2, p. 24).

[2] The undersigned notes that the decision by the Georgia Court of Appeals is somewhat unclear as to the precise arguments presented by the enumeration of error upon which it concluded Lyde's right-to-be-present claim was without merit. Lyde's instant § 2254 Petition and subsequent briefs are murky, at best, in identifying for the Court the grounds upon which he seeks relief. Out of an abundance of caution, the undersigned examines all arguments Lyde may be attempting to assert in his Petition. Ultimately, however, the Court is not convinced that any of Lyde's claims have merit or warrant § 2254 relief.

669, 671-672 (4) (2002); Parks v. State, 275 Ga. 320, 450-451 (3) (2002); and Huff, 274 Ga. at 111-112 (2)). The issue presented by Lyde and determined by the Georgia Court of Appeals on direct appeal was whether Lyde's due process right-to-be-present, as embodied in the Georgia constitution, was violated.

Because Lyde failed to present his currently asserted Fourteenth Amendment due process claim on direct appeal, it is clear that Lyde's claim is procedurally defaulted under O.C.G.A. § 9-14-48(d).[3] In addition, there is no evidence that Lyde can establish the requisite "cause" and "prejudice" to overcome the default. Even if Lyde could show cause for the procedural default, there is no evidence demonstrating Lyde suffered any prejudice as a result. The Georgia Court of Appeals determined that, under both the Fourteenth Amendment and the Georgia constitution, Lyde was not absent from a critical stage of the proceedings against him. See Lyde, 311 Ga. App. at 515-16. There is no reasonable probability that the outcome of Lyde's trial would have been different had he been present during the discussion of purely legal arguments. Lyde does not show adequate cause or prejudice to excuse the procedural default barring this claim. It is clear that under Georgia law, Lyde's Fourteenth Amendment claim is procedurally defaulted; therefore, Lyde is not entitled to relief on this ground.

---

[3] Even assuming, *arguendo*, that Lyde's Fourteenth Amendment claim is not procedurally barred under Georgia law because it is not newly raised, this Court could not grant Lyde habeas corpus relief. If, as Lyde argues, the Georgia Court of Appeals actually considered whether Lyde's Fourteenth Amendment due process rights were violated in his criminal proceeding, this Court would be required to give such a decision deference under 28 U.S.C. § 2254(d) and deny relief. Deference to a state court decision is fully discussed in Section II of the undersigned's Report.

## II. Ineffective Assistance of Trial Counsel (Ground 2)

### A. Standard of Review

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court cannot grant a state prisoner a writ of habeas corpus on a claim decided on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "AEDPA, by its plain language and as interpreted by the Supreme Court, limits the scope of federal habeas review of state court judgments in the spirit of furthering comity, finality, and federalism." Borden v. Allen, 646 F.3d 785, 816 (11th Cir. 2011).

A state court decision is "contrary to" clearly established federal law if a state court: (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Compliance with the "contrary to" language of AEDPA "does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2002). The "unreasonable application[ ] of clearly established Federal law" clause of § 2254(d)(1) "permits a federal habeas court to grant the writ if the state court identifies the correct governing

legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003).

> In other words, a federal court may grant relief when a state court has misapplied a governing legal principle to a set of facts different from those of the case in which the principle was announced. In order for a federal court to find a state court's application of [Supreme Court] precedent unreasonable, the state court's decision must have been more than incorrect or erroneous. The state court's application must have been objectively unreasonable.

(Id.) (internal citations and quotations omitted). Findings of fact by a state court are presumed correct, and a petitioner for habeas corpus must rebut the presumption by clear and convincing evidence. Hunter v. Sec'y Dep't of Corr., 395 F.3d 1196, 1200 (11th Cir. 2005).

Strickland v. Washington, 466 U.S. 668 (1984), is the touchstone for evaluating ineffective assistance claims. Therefore, Lyde must show the Georgia Court of Appeals' application of Strickland was unreasonable.[4] This is a difficult undertaking. Lyde "must do more than satisfy the Strickland standard. He must also show that, in rejecting his ineffective assistance of counsel claim, the state court applied Strickland to the facts of his case in an *objectively unreasonable manner.*" Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) (emphasis added) (quotation omitted). In other words:

> 'A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision.' Indeed, '[e]stablishing that a state court's application of

---

[4] Again, it matters not to a federal court's habeas review whether the state court decision regarding ineffective assistance of counsel was resolved under Strickland or under a state rule. Borden, 646 F.3d at 817, n. 41. See also Blankenship v. Hall, 542 F.3d 1253, 1271 n. 4 (11th Cir.2008) (finding the fact "[t]hat the state court did not specifically mention Strickland is of no moment," for the "state court's failure to cite the relevant Supreme Court precedents does not mean that AEDPA deference does not apply"). Further, the Supreme Court has suggested that even ambiguity as to whether a state supreme court denied a habeas petitioner's claim on an alternative ground is enough to deny the claim under AEDPA, provided the possible alternative ground is a reasonable basis upon which to deny the petitioner's claim. Parker v. Matthews, ___ U.S. ___, 132 S.Ct. 2148, 2151-52 (2012).

Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.'

Borden v. Allen, 646 F.3d 785, 817 (11th Cir. 2011) cert. denied, 132 S. Ct. 1910, (U.S. 2012) (quoting Harrington v. Richter, ___ U.S. ___, 131 S.Ct. 770 (2011)).

### B. Strickland standard

In order to establish ineffective assistance of counsel, a petitioner must demonstrate that: (1) his counsel's performance was deficient, and (2) his defense was prejudiced by the deficient performance. Strickland, 466 U.S. at 687 (1984). Counsel's performance is deficient when it falls "below an objective standard of reasonableness," Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000), which means that it is "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, "the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler, 218 F.3d at 1313. Courts conduct a highly deferential review of counsel's performance and "indulge [the] strong presumption that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" Id. at 1314 (alteration in original) (quoting Strickland, 466 U.S. at 689-90). To establish prejudice, "there must be a reasonable probability that, but for counsel's deficient performance, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1322 (11th Cir. 2002). A petitioner must "affirmatively prove prejudice." Strickland, 466 U.S. at 693.

AO 72A
(Rev. 8/82)

Lyde must show that counsel's error had enough of a substantial and injurious effect or influence in determining the jury's verdict so as to undermine confidence in it. Fortson v. Davis, 2011 WL 5178662 at * 6 (S.D. Ga. Oct. 6, 2011). Lyde must also demonstrate *how* the claimed deficiency, in light of the totality of the evidence, made it "reasonably probable" that a different result would have occurred. Cooper v. Sec'y Dep't of Corrs., 646 F.3d 1328, 1353-54 (11th Cir. 2011). This requires "detailing and record-citing the various layers of evidence and counter-evidence and illuminating the pivotal difference the act or omission would have made." Miller v. Danforth, 2012 WL 727618 at *4 (S.D. Ga. Mar. 6, 2012).

### C. Ineffective assistance of counsel based on right-to-be-present as embodied in the Georgia Constitution of 1983

Lyde alleges that his trial counsel was ineffective for improperly waiving his presence at a critical stage in the proceedings. Lyde argues that the Georgia Court of Appeals decision denying relief on this ground is not due deference because "the decision correctly identified the governing legal rule but applied it unreasonably . . . [because the court] refused to extend the governing [Supreme Court] principle to a context in which the principle should have controlled." (Doc. No. 5, p. 17). Respondent avers that the Georgia Court of Appeal considered whether Lyde's trial counsel was ineffective for waiving Lyde's appearance during a critical stage of the criminal proceeding. Respondent contends that Lyde has not shown that the Georgia Court of Appeals' decision is not entitled to deference. Respondent states that

> Lyde particularly cannot show that deference is not due the state appellate court's decision because the United States Supreme Court 'has never decided whether the prejudice standard that applies when attorney error results in loss of, or interference with, a federal constitutional right or interest also applied when

12

the loss is only of a state law right that is not congruent with federal constitutional rights or interests.'

(Doc. No. 6-1, p. 14) (quoting Hammond v. Hall, 586 F.3d 1289, 1341 (11th Cir. 2009)).

In his direct appeal, Lyde conflated the standards between a direct right-to-be-present claim, which is presumed to be harmful error under Georgia law, and a right-to-be-present claim brought indirectly under an ineffective assistance of counsel claim, which requires a showing of harm. See Lyde, 311 Ga. App. at 514.[5] Because Lyde's ineffective assistance of counsel claim argued that a presumed-error standard applied to a violation of his constitutional right-to-be-present, the Georgia Court of Appeals presumably undertook to cover all its bases, and examined his claim under an ineffective assistance of counsel standard **and** as a directly-raised right-to-be-present claim. The Georgia Court of Appeals clearly contemplated the Supreme Court standard embodied in Strickland – deficient performance and resulting prejudice – in arriving at the conclusion that Lyde's claim based upon his right-to-be-present (in whatever form it was presented) had no merit. Id. The state court found Lyde's right-to-be-present was not violated because

> [t]he only thing Lyde missed was the discussion about whether the testimony constituted good character evidence that opened the door to cross-examination about bad character evidence. As in charge conferences or bench conferences involving purely legal argument, Lyde's absence during only the discussion of the motions did not violate his due process right to be present during critical stages of the proceedings against him.

Lyde, 311 Ga. App. at 516-17. The state court's determination thus inherently included a finding that Lyde's trial counsel was not constitutionally ineffective. In other words,

---

[5] Harm is presumed from the violation of the Georgia constitutional right to be present at all critical stages of trial. Hanifa v. State, 269 Ga. 797, 807 (6) (1998). A defendant must show both deficient performance and resulting prejudice to establish ineffective assistance due to violation of right to establish ineffective assistance due to violation of the constitutional right to be present. Peterson v. State, 284 Ga. 275, 280 (2008).

AO 72A
(Rev. 8/82)

because Lyde's constitutional right-to-be-present was not violated, the ineffective assistance claim based on the same alleged violation necessarily fails. The court's application of the principles embodied in Strickland was objectively reasonable; therefore, its adjudication on Lydes' ineffective assistance of trial counsel claim was not contrary to nor an unreasonable application of clearly established federal law. Further, the decision was not based on an unreasonable determination of the facts in light of the evidence presented. The undersigned's conclusion in this regard is supported by a review of the state court's decision. There is no reasonable probability that the outcome of Lyde's trial would have been different had trial counsel insisted upon Lyde's presence during legal arguments. Lyde has not shown that the Georgia Court of Appeals' determination does not warrant deference; therefore, he is not entitled to relief on this ground.

### D. Ineffective assistance of counsel based on violation of due process as embodied in the Fourteenth Amendment

In his Reply, Lyde contends that the Georgia Court of Appeals' determination regarding his ineffective assistance of counsel claim is not due deference by this Court because by

> incorporat[ing] by reference paragraphs 9-16, wherein he argued that his Fourteenth Amendment right to be present at every critical stage of his trial had been violated by his absence at a critical stage of his trial, into his ineffective assistance of counsel claim . . . the Petition in this case presents the issue of trial counsel's ineffectiveness in waiving Petitioner's Fourteenth Amendment right to be present . . .

(Doc. No. 9, pp. 6-7). Lyde then reasserts the position that the Georgia Court of Appeals' decision rested on Fourteenth Amendment grounds. (Id.). Presumably then, Lyde argues in his Reply that the state court's decision regarding ineffective assistance

of counsel based on trial counsel's violation of Lyde's Fourteenth Amendment right-to-be-present is not due deference by this Court because the state court's decision applied the Strickland standard unreasonably to the facts of Lyde's case.

Again, in order to demonstrate the state court's decision is not entitled to deference based on an unreasonable application of Strickland, Lyde must not only satisfy the Strickland-required demonstration of deficient performance resulting in prejudice; but, he must also demonstrate that in rejecting his ineffective assistance of counsel claim, the state court applied Strickland in an objectively unreasonable manner. Rutherford, 385 F.3d at 1309. Lyde cannot meet this standard. The Georgia Court of Appeals' decision made clear that under *either* Fourteenth Amendment or Georgia constitutional jurisprudence, Lyde was not absent from a critical stage in the criminal proceedings against him. Thus, Lyde's ineffective assistance of counsel claim, whether it is based on either theory, necessarily fails.

As stated above, the state court's application of the principles embodied in Strickland was objectively reasonable; therefore, its adjudication on Lydes' ineffective assistance of trial counsel claim was not contrary to nor an unreasonable application of clearly established federal law. Further, the decision was not based on an unreasonable determination of the facts in light of the evidence presented. The undersigned's conclusion in this regard is supported by a review of the state court's decision. There is no reasonable probability that the outcome of Lyde's trial would have been different had trial counsel insisted upon Lyde's presence during legal arguments. Lyde has not shown that the Georgia Court of Appeals' determination does not warrant deference and; therefore, he is not entitled to relief on this ground.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Lyde's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 21st day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)