# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

HARRY TRUMAN LYDE,

    Petitioner,

vs.

KATHLEEN KENNEDY,

    Respondent.

CV 213-60

### ORDER

After an independent and de novo review of the record, the undersigned concurs with the ultimate result of the Magistrate Judge's Report and Recommendation, to which Petitioner Harry Lyde has filed objections. In his objections, Petitioner asserts that, although the Magistrate Judge noted that he had not exhausted his Fourteenth Amendment claim, the Magistrate Judge "inexplicably did find that 'The Georgia Court of Appeals determined that, under both the Fourteenth Amendment and the Georgia Constitution, Lyde was not absent from a critical stage of the proceedings against him.'" Dkt. No. 14, at 6 (citing Dkt. No. 12, at 8). The Court agrees that Lyde is procedurally barred from bringing this claim, but will clarify on what basis.

1

The Magistrate Judge cites the doctrine of procedural default as erecting a bar to Lyde's habeas claim. Although the doctrine's application in federal court is usually wrought from a state court's prior invocation, a federal court may apply the doctrine even if the claim has not been raised in state court where "it is obvious the unexhausted claim now would be procedurally barred in state court." Baker v. Holt, 178 F. App'x 928, 930 (11th Cir. 2006) (per curiam). An inquiry into whether the claim is now procedurally defaulted is unnecessary, however, as it is clear that the claim has not been raised in state court and therefore is unexhausted. Heidler v. Chatman, No. CV 611-109, 2014 WL 725985, at *4 (S.D. Ga. Feb. 24, 2014) (stating that exhaustion requires a petitioner to "fairly present" a claim in state court and cite federal law in support). His enumeration of error on the basis of ineffective assistance of counsel in waiving Lyde's right to be present was briefed solely on Georgia law. Dkt. No. 7-2, at 20-37. Without any fair presentation and exhaustion, Petitioner cannot be granted relief. 28 U.S.C. § 2254(b)(1).

Lyde's contention that he raised a Fourteenth Amendment claim and that such claim was decided by the Georgia Court of Appeals has no basis in the record. Although the Georgia Court of Appeals described the Fourteenth Amendment's guarantee for a defendant to be present at critical stages of his criminal

2

prosecution, the court decided the claim only "[a]s defined by the Supreme Court of Georgia." Lyde v. State, 311 Ga. App. 512, 515(1) (2011). The actual analysis was conducted pursuant only to state law. Therefore, there was no exhaustion of his federal claim, and the Court cannot grant relief.[1]

In addition, Lyde fails to present the Court with any valid argument that the Georgia Court of Appeals' determination of his ineffective-assistance-of-counsel claims was contrary to or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). The Court concurs with the Magistrate Judge's Strickland analysis and rejects Petitioner's argument that the state court's determination was an unreasonable application of federal law.

Lyde's objections are **OVERRULED**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court as modified herein. Lyde's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is **DENIED**. The Clerk of Court shall close the case.

---

[1] Even if the claim was properly exhausted based on a determination that the Georgia Court of Appeals actually decided it, the state decision would deserve deference under 28 U.S.C. § 2254(d), and the Court would find no basis in granting relief on the claim's merits.

3

**SO ORDERED**, this 11TH day of June, 2014.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)